UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LASYAH M. PALMER,

                Petitioner,

      -against-

WILLIAM PHILLIPS, Superintendent
of Green Haven Correctional Facility,

                Respondents.
-------------------------------------------------------x

FILED
IN CLERKS OFFICE
U.S.               N.Y.
JUL 2 9 2005    ★
P.M. _____
THIS A.M. _____

**MEMORANDUM AND ORDER**
05-CV-2553 (SLT)

TOWNES, J.:

    In May 2005, petitioner pro se, Lasyah M. Palmer, filed this form petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. The form petition is only partially completed and is

otherwise so confusing that this Court cannot determine whether petitioner seeks to challenge an

unspecified judgment of the Supreme Court of the State of New York or a decision of the

Appellate Division, Second Department, which denied petitioner's application to appeal the

Supreme Court's judgment in forma pauperis. Petitioner is therefore directed to submit an

amended petition within thirty (30) days of the date of this Order.

    Petitioner is a New York State inmate who, at the time the instant petition was filed, was

incarcerated at Green Haven Correctional Facility in Stormville, New York. Although the

petition contains no information concerning the conviction that resulted in petitioner's

incarceration, this Court takes judicial notice that, according to information on the New York

State Department of Correctional Services' website, petitioner was convicted in 1997 in Supreme

Court, New York County, of robbery in the first degree, kidnaping in the second degree and

other, lesser offenses. See http://www.nysdocslookup.docs.state.ny.us. This Court also takes

judicial notice that petitioner has exhausted his direct appeal,[1] and has already unsuccessfully sought a writ of habeas corpus with respect to this 1997 conviction. <u>Palmer v. Greiner</u>, No. 00 Civ. 6677 (WHP)(RLE), slip op. (S.D.N.Y. Mar, 29, 2004) (adopting report and recommendation in <u>Palmer v. Greiner</u>, No. 00 Civ. 6677 (WHP)(RLE), 2003 WL 22019740 (S.D.N.Y. Aug. 22, 2003)).

Since exhausting his direct appeal, petitioner has filed several motions in State court. Although one of these motions appears relevant to this action, the petition is unclear with respect to the exact nature of this motion. In setting forth the grounds for habeas relief, the petition indicates that petitioner brought an action in "State Supreme Court dealing with 'jail time credit,'" and cites to New York Civil Practice Law and Rules ("C.P.L.R.") § 1101(f)(5) – which pertains to proceedings brought by inmates pursuant C.P.L.R. Article 78 to challenge the calculation of their jail time credit. Petition at ¶ 13. Another section of the petition, however, indicates that the motion sought to challenge the constitutionality of "N.Y. Penal Law § 70.25," <u>id.</u> at ¶ 10, which provides, <u>inter alia</u>, that if a parolee is sentenced as a predicate violent felony offender, such sentence must be consecutive to any indeterminate or determinate term of imprisonment the parolee is serving for violating parole. <u>See</u> Penal Law § 70.25(2-a).[2]

---

[1]Petitioner's conviction was affirmed by the Appellate Division, First Department, on July 1, 1999. <u>People v. Palmer</u>, 263 A.D.2d 361, 693 N.Y.S.2d 539 (1st Dept. 1999). Petitioner was denied leave to appeal to the New York Court of Appeals on August 18, 1999, <u>People v. Palmer</u>, 93 N.Y.2d 1024, 697 N.Y.S.2d 583 (1999), and was denied certiorari on December 6, 1999. <u>Palmer v. New York</u>, 528 U.S. 1051 (1999).

[2]This Court notes that petitioner was on parole at the time he committed the crimes for which he was convicted. See <u>Palmer</u>, 2003 WL 22019740, at *2. However, this Court does not know whether, or when, petitioner was sentenced for violating parole.

Although there may be some ambiguity concerning the nature of this motion, there is no question that the motion was denied by the Supreme Court. Petitioner attempted to appeal this decision to the Appellate Division, Second Department, from which he requested permission to proceed in forma pauperis. However, by order dated November 28, 2004, the Appellate Division denied petitioner's in forma pauperis application and "demanded a $315 ... filing fee." Petition at ¶ 13(A).

Petitioner then appealed to the New York Court of Appeals. The petition indicates that petitioner did not argue the merits of the Supreme Court's decision, but rather argued that the Appellate Division had denied him access to the courts and had thereby violated his rights to due process and equal protection. Id. The Court of Appeals dismissed petitioner's appeal "upon the ground that the order sought to be appealed does not finally determine the proceeding within the meaning of the Constitution." Palmer v. New York State Dept. of Correctional Servs., 4 N.Y.2d 848, 797 N.Y.S.2d 416 (2005).

On May 9, 2005, petitioner commenced this action by filing a form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner makes clear, by striking the words "of conviction" several times on page 1, that this petition does not seek to challenge the judgment of conviction that resulted in petitioner's current incarceration. However, it is unclear precisely which "judgment" petitioner wishes to challenge in this action. The petition specifically states that petitioner seeks to challenge a "judgment" of the Appellate Division, Second Department, dated November 28, 2004, which denied him permission to appeal in forma pauperis. Consistent with this statement, the petition's first ground for relief asserts that C.P.L.R. §1101(f)(5) exempts inmates challenging the calculation of their "jail time credit" from having to pay court filing fees,

and implies that the Appellate Division violated petitioner's rights under the First Amendment of the United States Constitution by denying him "access to the court." Petition at ¶ 13. However, the second ground for relief in the petition suggests that petitioner may be attempting to challenge the Supreme Court's decision denying petitioner jail time credit, stating that "the respondent refuse[d] to credit petitioner [with] jail time credit" which was granted to other similarly situated inmates, and that respondent thereby violated petitioner's rights to "due Process and Equal Protection under the law." Id. The petition also does not specify the relief requested, making it even more difficult to ascertain which "judgment" petitioner seeks to challenge in this petition.

Accordingly, petitioner is directed to file an amended petition within thirty (30) days of the date of this Order.[3] The amended petition must specifically identify the state-court judgment petitioner is challenging by providing the full name of the state court which entered the judgment and the date of the judgment. Petitioner must describe with particularity the issues which were raised before that court and the court's decision with respect to those issues. If possible, petitioner should attach a copy of the judgment to his amended petition. The amended petition must also explain what actions petitioner has taken to exhaust his state remedies with respect to this judgment.

Since petitioner alleges that he is bringing this action pursuant to 28 U.S.C. § 2254, he must adhere to the Rules Governing Section 2254 Cases. Under Rule 2(c), petitioner must (1) specify all of petitioner's grounds for relief with respect to that judgment; (2) state the facts supporting each ground; and (3) state the relief requested. Petitioner is advised that 28 U.S.C.

---

[3]For petitioner's convenience, a form petition is attached to this Order.

4

§ 2254 does not "authorize[] federal courts to order relief that neither terminates custody, accelerates the future date of release from custody, nor reduces the level of custody." <u>Wilkinson v. Dotson</u>, ___U.S.___, 125 S.Ct. 1242, 1250 (2005) (Scalia, J., concurring). In addition, Rule 2(e) provides that if a petitioner seeks relief from judgments of more than one state court, he must file a separate petition covering the judgment or judgments of each court.

The amended petition must be titled, "Amended Petition," and bear the Docket Number 05-CV-2553 (SLT). However, if petitioner has been transferred to another correctional facility since filing this action, he may amend the caption of this case to name the superintendent of the facility in which he is currently incarcerated.

No response shall be required at this time and all further proceedings shall be stayed for thirty (30) days or until petitioner has complied with this Order, whichever occurs sooner. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed for failure to comply with the Rules Governing Section 2254 Cases.

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
July 28, 2005

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a <u>federal</u> judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

4. Make sure the form is typed or neatly written.

5. You must tell the truth and sign the form under penalty of perjury. If you make a false statement, you may be prosecuted for perjury.

6. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

7. The filing fee for a petition is $5. If you cannot pay the fee, you may ask to proceed <u>in forma pauperis</u> (as a poor person) by completing the attached declaration.

8. **<u>CAUTION:</u> You must include in this petition <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

9. If you were convicted in Brooklyn (Kings), Nassau, Queens, Staten Island (Richmond) or Suffolk County, then the Eastern District of New York is the proper Court in which to file your petition. Complete the attached form, keep a copy for yourself and send the original plus two copies (you need not copy these instructions) to:

> The Pro Se Office
> United States District Court
> Eastern District of New York
> 225 Cadman Plaza East
> Brooklyn, NY 11201

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District |
|---|---|
| Name (under which you were convicted): | Docket or Case No.: |
| Place of Confinement: | Prisoner No.: |
| Petitioner (include the name under which you were convicted)         Respondent (authorized person having custody of petitioner)  v. | |
| The Attorney General of the State of | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

   _____

   _____

   (b) Criminal docket or case number (if you know): _____

2. (a) Date of the judgment of conviction (if you know): _____

   (b) Date of sentencing: _____

3. Length of sentence: _____

4. In this case, were you convicted on more than one count or of more than one crime?      Yes ☐          No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: _____

   _____

   _____

   _____

   _____

6. (a) What was your plea? (Check one)

   (1)     Not guilty ☐              (3)     Nolo contendere (no contest) ☐

   (2)     Guilty ☐                  (4)     Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge,

   what did you plead guilty to and what did you plead not guilty to?_____

   _____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    Jury ☐        Judge only ☐

7. Did you testify at either a pretrial hearing, trial or a post-trial hearing?

    Yes ☐  No ☐

8. Did you appeal from the judgment of conviction?

    Yes ☐  No ☐

9. If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?   Yes ☐  No ☐

    If yes, answer the following:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Result: _____

_____

    (4) Date of result (if you know): _____

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: _____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐  No ☐

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☐  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐  No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      Yes ☐   No ☐

(2) Second petition:   Yes ☐   No ☐

(3) Third petition:     Yes ☐   No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

> <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

(c) **Direct Appeal of Ground One:**

　　(1) If you appealed from the judgment of conviction, did you raise this issue?

　　Yes ☐　No ☐

　　(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　Yes ☐　No ☐

　　(2) If your answer to Question (d)(1) is "Yes," state:

　　Type of motion or petition: _____

　　Name and location of the court where the motion or petition was filed: _____

_____

　　Docket or case number (if you know): _____

　　Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐  No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☐  No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐  No ☐

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☐  No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐  No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____
_____
_____

**GROUND THREE:** _____
_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____
_____
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____
_____

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☐   No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____
_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    Yes ☐   No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that

you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☐   No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☐   No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  Yes ☐  No ☐

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

   (b) Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  Yes ☐  No ☐

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinions or orders, if available. _____

_____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?        Yes ☐   No ☐

  If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

  _____

  _____

  _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

  (a) At preliminary hearing: _____

  _____

  (b) At arraignment and plea: _____

  _____

  (c) At trial: _____

  _____

  (d) At sentencing: _____

  _____

  (e) On appeal: _____

  _____

  (f) In any post-conviction proceeding: _____

  _____

  (g) On appeal from any ruling against you in a post-conviction proceeding: _____

  _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐   No ☐

  (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

  _____

  _____

  (b) Give the date the other sentence was imposed: _____

  (c) Give the length of the other sentence: _____

  (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ☐   No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _____

_____

_____

or any other relief to which petitioner may be entitled.


_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____

_____ (month, date, year).


Executed (signed) on _____ (date).


_____
Signature of Petitioner


If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____