UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LASYAH M. PALMER,

          Petitioner,

      -against-

WILLIAM PHILLIPS, Superintendent
of Green Haven Correctional Facility,

          Respondent.
----------------------------------------------------------x

MEMORANDUM AND ORDER
05-CV-2553 (SLT)

TOWNES, J.:

In May 2005, petitioner *pro se*, Lasyah M. Palmer, filed a form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because the form petition was only partially completed and was otherwise confusing, this Court directed petitioner to submit an amended petition. *Palmer v. Phillps*, No. 05-CV-2553 (SLT), slip op. at 1 (E.D.N.Y. July 28, 2005).

Pursuant to that order, petitioner filed an amended petition (hereinafter, the "Amended Petition") in mid-August 2005. Although this Amended Petition does not seek to challenge the judgment of conviction upon which petitioner is currently incarcerated, petitioner used a § 2254 form in drafting his submission and has therefore included many extraneous facts. Nonetheless, it is apparent that petitioner is principally alleging that the manner in which respondent calculated petitioner's jail time violated his federal constitutional rights. In addition, petitioner is alleging that he was denied access to the courts when the Appellate Division, Second Department, denied him permission to proceed *in forma pauperis* upon his appeal of the Supreme Court's denial of an Article 78 petition challenging the jail time calculations. Petitioner seeks two forms of relief: 1) an order directing that respondent "credit petitioner with prior time credit under [New York Penal Law] § 70.30(1)" and 2) an order directing the Appellate Division,

Second Department, to grant petitioner "access to the court." Amended Petition at 15.[1]

With respect to the latter request for relief, this Court cannot grant a mandatory injunction against the Appellate Division upon this petition for a writ of habeas corpus. The traditional function of the writ of habeas corpus was to "secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[O]ver the years, the writ of habeas corpus evolved as a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law." *Id.* at 485. Today, the relief available in habeas proceedings is "not limited to immediate release from custody"; a habeas petition may, for example, also be brought to challenge the duration of confinement. *Id.* at 487; *see Wilkinson v. Dotson*, ___U.S.___, 125 S.Ct. 1242, 1247 (2005). However, despite this broadening of the scope of habeas corpus, the habeas statute still does not "authorize[] federal courts to order relief that neither terminates custody, accelerates the future date of release from custody, nor reduces the level of custody." *Wilkinson*, 125 S.Ct. at 1250 (Scalia, J., concurring).

In challenging the Appellate Division's order denying him *in forma pauperis* status, petitioner is implicitly seeking mandamus relief. The Amended Petition alleges that New York's Civil Practice Law and Rules ("C.P.L.R.") "directs waiver of filing fees" in this instance, Amended Petition at 15, and implies that the Appellate Division, Second Department, should be ordered to comply with this statute and to process petitioner's appeal.[2] However, the remedy

---

[1] In citing to pages in the Amended Petition, this Court is using the page numbers printed in the upper right hand corner of each page of that document. However, because the first page of the Amended Petition is labeled "Page 2," a citation to page 15 refers to the last page of that 14-page document.

[2] Although the Amended Petition does not cite to any specific provision of the C.P.L.R., the original petition alleges that C.P.L.R. § 1101(f)(5) exempts inmates from paying court filing fees with respect to actions or appeals challenging "jail time credit." Petition at ¶13.

petitioner seeks, having nothing to do with the fact or duration of petitioner's custody, is not within the narrow scope of relief available in a habeas proceeding.[3]

While petitioner cannot challenge the Appellate Division's decision in this habeas proceeding, petitioner may be able to seek habeas corpus review of respondent's refusal to credit him with prior jail time. A challenge to the denial of jail time credit relates directly to the duration of incarceration, and is therefore within the scope of habeas review. *See, e.g., Cardenas-Argudo v. Goord*, No. 04-CV-2348 (FB), 2005 WL 578318 (E.D.N.Y. Mar, 11, 2005) (discussing the procedural requirements for bringing such a claim). However, as with all other habeas claims, "relief is not available unless the [petitioner] has exhausted the remedies available in the courts of the State." *Id.* at *1 (quoting *Jones v. Keane*, 329 F.3d 290, 294 (2d Cir.), *cert. denied*, 540 U.S. 1046 (2003)). Accordingly, if respondent raises the issue of whether petitioner has exhausted his administrative remedies, a court may yet have to address the question of whether the Appellate Division properly declined to grant petitioner permission to appeal *in forma pauperis* from the Supreme Court's denial of petitioner's Article 78 petition.

Conclusion

For the reasons set forth above, the Amended Petition is construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging respondent's calculations of petitioner's jail time credit. Because these calculations apparently took place at Green Haven Correctional Facility, located in Dutchess County and in the Southern District of New York, *see* 29 U.S.C. § 112(b), and because petitioner is currently incarcerated at Sullivan Correctional

---

[3]Petitioner might be able to challenge the Appellate Division's decision in an Article 78 proceeding in State court. *See* C.P.L.R. §7801, *et seq.*

3

Facility, which is also in the Southern District, *id.*, the Clerk of Court is directed to transfer this case to the United States District Court for the Southern District of New York. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived. Upon transfer of the case, the Clerk of Court is to mark this case closed.

SO ORDERED.

/S/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
October 12, 2005